

U.S. Department of Justice

*United States Attorney*
*Eastern District of New York*

WK:AS
F. #2023R00684

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

November 1, 2023

By Email and ECF

Jonathan Kaye, Esq.
35-16 Bell Boulevard, Suite 201
Bayside, New York 11361
Email: esqjk@aol.com

      Re:    United States v. Parwinder Singh
                Criminal Docket No. 23-391 (PKC)

Dear Counsel:

      Pursuant to Rule 16 of the Federal Rules of Criminal Procedure, the government hereby furnishes the following discovery in the above-captioned case. It is Bates-numbered EDNY_000001 to EDNY_00203. The government has made this production available to you via the USAfx file-sharing platform. The government also requests reciprocal discovery from the defendant.

I.      The Government's Discovery

      A.      Statements of the Defendant

      Federal agents interviewed the defendant on September 14, 2023 at Woodbridge Police Department. This interview was recorded on video. To facilitate your review of the interview, the government provides the footage in two formats: (i) a folder containing the .ZIP file received from the Woodbridge Police Department (Bates stamped EDNY_00001) and (ii) the converted .WMV file (Bates stamped EDNY_00002).

      B.      The Defendant's Criminal History

      The E-Justice Report containing the defendant's criminal history as of September 14, 2023—the date of his arrest in this action—is enclosed in a file Bates stamped EDNY_00003 to EDNY_00018.

C. <u>Documents and Tangible Objects</u>

- Video surveillance footage[1] from locations near and around the victim's neighborhood in Brooklyn, New York, on September 14, 2023, prior to the victim's kidnapping, depicting the defendant and his associate driving around the victim's neighborhood. To facilitate your review, the footage is provided in two formats: (i) a folder containing extracted .G64X format files (12 total files) and Bates stamped EDNY_00019, and (ii) a folder containing converted .MP4 format files (12 total files) and Bates stamped EDNY_00020.

- Video surveillance footage from between approximately 4:00 a.m. and 5:00 a.m. near the victim's home in Brooklyn, New York, depicting the defendant carrying the victim and forcing her into a yellow Taxi van. To facilitate your review, the footage is provided in two formats: (i) a folder containing extracted .MP4 format files (39 total files) and Bates stamped EDNY_00021 and (ii) a folder containing converted .MP4 format files (19 total files) and Bates stamped EDNY_00022.

- Two document files, Bates stamped EDNY_00023 to EDNY_00026, containing the New York State License Plate Reader hits for the yellow Taxi van, license plate Y206221C, into which the victim was forced and found in by Woodbridge Police Department.

- One document file, Bates stamped EDNY_00027 to EDNY_00041, containing the GPS coordinates for the yellow Taxi van, license plate Y206221C, reflecting the yellow Taxi van's location between September 13, 2023 at 8:44:07 p.m. and September 14, 2023 at 9:00:07 a.m..

- Video bodycam footage[2] from the Woodbridge Police Department depicting the bodycam footage from the police officers responding to the 911 call regarding the victim's kidnapping and is provided in seven folders Bates stamped EDNY_00042 to EDNY_00048.

- Eight still image photographs, Bates stamped EDNY_00049 to EDNY_00056, depicting injuries suffered by the victim taken by the Woodbridge Police Department on September 14, 2023.

---

[1] "Video surveillance footage" includes any related text, viewer, executable, system, or other files that the government received, in addition to the video files themselves.

[2] "Video bodycam footage" includes any related text, viewer, executable, system, or other files that the government received, in addition to the video files themselves.

2

- Five still image photographs, Bates stamped EDNY_00057 to EDNY_00061, depicting injuries suffered by the victim taken by a member of the Federal Bureau of Investigation's Joint Bank Robbery and Violent Crimes Task Force on September 14, 2023.

- One Cellebrite extraction report, Bates stamped EDNY_00062 to EDNY_00072, containing the victim's phone call log on September 14, 2023, between midnight and 3:22:14 p.m., when the Woodbridge Police Department completed its Cellebrite extraction of the victim's phone, as well as one folder, Bates stamped EDNY_00073, containing the associated files.

- Cellebrite extraction reports of WhatsApp text messages and/or iMessage text messages between the victim and (i) her mother, (ii) her brother, (iii) her sister, and (iv) the defendant, on September 14, 2023, between midnight and 3:22:14 p.m., as well as attachments and other system files associated with the text messages. In particular, these Cellebrite extraction reports and associated files include:

| Text Messages Type | Text Messages with | Cellebrite Extraction Report Bates Stamp | Associated Files Bates Stamp |
|---|---|---|---|
| WhatsApp | Victim's mother | EDNY_00074 – EDNY_00093 | EDNY_00094 |
| WhatsApp | Victim's brother | EDNY_00095– EDNY_00126 | EDNY_00127 |
| iMessage | Victim's brother | EDNY_00128 – EDNY_00133 | EDNY_00134 |
| iMessage | Victim's sister | EDNY_00135 – EDNY_00180 | EDNY_00181 |
| WhatsApp | The defendant | EDNY_00182 – EDNY_00195 | EDNY_00196 |
| iMessage | The defendant | EDNY_00197 – EDNY_00199 | EDNY_00200 |

You may examine the physical evidence discoverable under Rule 16, including original documents, by calling me to arrange a mutually convenient time.

D.     <u>Reports of Examinations and Tests</u>

There are no reports of examinations or tests that relate to the kidnapping charged in the indictment. The government will provide you with copies of any relevant reports of examinations or tests in this case as they become available.

E.     <u>Expert Witnesses</u>

The government will comply with Fed. R. Crim. P. 16(a)(1)(G) and Fed. R. Evid. 702, 703 and 705 and notify you in a timely fashion of any expert that the government intends to call at the trial and provide you with a summary of the expert's opinion.

    F.    <u>Brady Material</u>

The government has recently received an affidavit from the defendant, which counsel for the defendant has represented to be a handwritten statement by the victim in this matter.  Although already in the possession of the defense, out of an abundance of caution the government provides this in a file Bates stamped EDNY_00201 to EDNY_00203.  The government is currently not aware of any other exculpatory material regarding the defendant.  The government understands and will comply with its continuing obligation to produce exculpatory material as defined by <u>Brady v. Maryland</u>, 373 U.S. 83 (1963), and its progeny.

Before the trial, the government will furnish materials discoverable pursuant to Title 18, United States Code, Section 3500, as well as impeachment materials.  <u>See</u> <u>Giglio v. United States</u>, 405 U.S. 150 (1972).

    G.    <u>Other Crimes, Wrongs or Acts</u>

The government will provide the defendant with reasonable notice in advance of the trial if it intends to offer any material under Fed. R. Evid. 404(b).

II.    <u>The Defendant's Required Disclosures</u>

The government hereby requests reciprocal discovery under Rule 16(b) of the Federal Rules of Criminal Procedure.  The government requests that the defendant allow inspection and copying of (1) any books, papers, documents, data, photographs, tapes, tangible objects, or copies or portions thereof, that are in the defendant's possession, custody or control, and that the defendant intends to introduce as evidence or otherwise rely on at the hearing, and (2) any results or reports of physical or mental examinations and of scientific tests or experiments made in connection with this case, or copies thereof, that are in the defendant's possession, custody or control, and that the defendant intends to introduce as evidence or otherwise rely upon at the hearing, or that were prepared by a witness whom the defendant intends to call at the hearing.

The government also requests that the defendant disclose prior statements of witnesses who will be called by the defendant to testify.  <u>See</u> Fed. R. Crim. P. 26.2.  In order to avoid unnecessary delays, the government requests that the defendant have copies of those statements available for production to the government no later than the commencement of the hearing.

The government also requests that the defendant disclose a written summary of testimony that the defendant intends to use as evidence at the hearing under Rules 702, 703, and 705 of the Federal Rules of Evidence.  The summary should describe the opinions of the witnesses, the bases and reasons for the opinions, and the qualification of the witnesses.

III.    <u>Emails Sent and Received by Defendants Incarcerated at a Bureau of Prisons Facility</u>

The government may request that the Bureau of Prisons ("BOP") produce to the government emails sent and received by the defendant during his/her period of incarceration at a

4

BOP facility (collectively, "BOP email communications"). While it is the government's position that BOP email communications, including those between the defendant and his attorneys and other legal assistants and paralegals on their staff, are not privileged communications, in most instances, the government will request that the BOP exclude from any production communications between the defendant and his attorneys and other legal assistants and paralegals on their staff, if you provide the full email addresses for such attorneys, legal assistants and paralegals by November 14, 2023. To enable this process, the government requests that you send an email to the undersigned Assistant U.S. Attorney with the list of email addresses in the body of the email. If you subsequently wish to provide an email address for an additional attorney, legal assistant or paralegal or change any of the previously-provided email addresses, you should send an email with the complete list of email addresses, including email addresses that remain unchanged, in the body of the email.

IV.     Future Discussions

If you have any questions or requests regarding further discovery or a disposition of this matter, please do not hesitate to contact me.

Please be advised that, pursuant to the policy of the Office concerning plea offers and negotiations, no plea offer is effective unless and until made in writing and signed by authorized representatives of the Office. In particular, any discussion regarding the disposition of a matter that is not reduced to writing and signed by authorized representatives of the Office cannot and does not constitute a "formal offer" or a "plea offer," as those terms are used in Lafler v. Cooper, 132 S. Ct. 1376 (2012), and Missouri v. Frye, 132 S. Ct. 1399 (2012).

Very truly yours,

BREON PEACE
United States Attorney

By:     /s/ Amanda Shami
        Amanda Shami
        Assistant U.S. Attorney
        (718) 254-7528

cc:     Clerk of the Court (PKC) (by ECF)